IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARCHIE HOLLAND-EL                    *

Plaintiff                            *

v.                                   *       Civil Action No. WDQ-13-1251

GARY D. MAYNARD, et al.              *

Defendants                           *

***

MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 32. Plaintiff opposes the motion. ECF No. 34. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2012). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

Background

Plaintiff Archie Holland-El (Holland), an inmate committed to the custody of the Maryland Department of Correction, is paraplegic and relies on a wheelchair. While confined at Roxbury Correctional Institution (RCI), Holland was issued a "transfer board" to assist him in moving from his wheelchair to his bed. On September 21, 2007, Holland was transferred from RCI to Western Correctional Institution (WCI). When he was transferred Holland alleges both his wheelchair and the transfer board were sent with him and he kept both with him upon his arrival to WCI. ECF No. 1 at p. 4.

On April 29, 2011, Holland was charged with possession of contraband when he was discovered to be in possession of the transfer board during a search of his cell. Defendant Officer R. Blamble searched Holland's cell, removed the transfer board, and charged Holland

with possession of a weapon and possession of contraband. A disciplinary hearing was held on May 13, 2011, and Holland was found guilty of possessing contraband after the hearing officer determined the board had a medical purpose. Holland was sentenced to 15 days cell restriction and the transfer board was confiscated. Holland asserts that deprivation of the transfer board for a total of five months put him in "serious danger," evidenced a deliberate indifference to his medical need, and violated his rights under Title II of the Americans with Disabilities Act and §504(A) of the Rehabilitation Act. *Id.* at pp. 7 – 16.

Defendants do not dispute the facts alleged in the Complaint. Defendant Ronald Blamble states that on April 29, 2011, after Holland was admitted to WCI's Infirmary, he and Officer Patterson were ordered to inventory and pack Holland's property to be stored until his release from the Infirmary. ECF No. 32 at Ex. A. Holland was not present during the inventory of his property. Blamble found a wooden board, approximately eight inches wide, 24 inches long and ¼ inch thick, behind Holland's bunk and determined that the board could be used as a weapon, or as a source from which a weapon could be made. *Id.* For those reasons, Blamble states he confiscated the board as contraband and charged Holland with an infraction of prison rules for possessing it. *Id., see also*, Ex. B, p.4. Blamble claims that when he confiscated the board and charged Holland, he was unaware that the board had been prescribed by medical staff at RCI. ECF No. 32 at Ex. A.

At the disciplinary hearing on the rule violation, Holland explained he received the board from the medical staff at RCI and had brought it with him to WCI, but that medical staff had failed to include the board on his property sheet. ECF No. 32 at Ex. B, p. 9. Defendant William Slate was the institutional representative at the disciplinary hearing. The hearing officer, Defendant Scott Rowe, determined that "the board should not be considered a weapon," but also

2

determined that the board was not authorized at WCI as there was no documentation of a medical need for the board. Scott found Holland not guilty of possessing a weapon and guilty of possessing contraband. *Id.* Holland appealed the disciplinary decision and Acting Warden Frank Bishop, Jr., affirmed the hearing officer's decision. *Id.* at pp. 15-19.

Holland filed a complaint with the Inmate Grievance Office (IGO) regarding the confiscation of the transfer board. Holland alleged in his complaint that Blamble wrote a false infraction which led to his placement on administrative segregation pending a hearing. ECF No. 32 at Ex. B, pp. 20-23. After a hearing on the complaint, a decision was issued by the IGO affirming the disciplinary hearing officer's decision. *Id.* at pp. 31-36.

Holland appealed the IGO decision to the Circuit Court for Allegany County and the court reversed the decision and remanded the case to the IGO for further proceedings. ECF No. 1 at p. 5. The Administrative Law Judge considering the grievance on remand conducted a hearing on March 5, 2013. ECF No. 32 at Ex. B, p. 39.

At the hearing the institution was represented by Defendant Barthlow, who submitted a memorandum from Deputy Secretary Randy Watson dated October 15, 2012, stating that:

> I conclude that although [Holland] did not have medical authorization for the board when found in his possession April 29, 2011 the inmate had previously been authorized by RCI's . . . medical unit to possess the board. I also cannot be sure that the inmate had been informed or understood that at some point his prescription for the use [of] the board would expire, and he would have to return the board. In addition, I must consider the fact that the WCI medical unit has since the disciplinary conviction re-issued a board to the inmate demonstrating he does have a continuing medical need requiring its use. I therefore reverse the May 13, 2011 guilty finding for rule violation 406 and vacate the sanction imposed under the guise of the conviction.

ECF No. 32 at Ex. B, p. 39. In light of Watson's memorandum, Defendant Barthlow asked that the grievance be dismissed and Holland agreed that the matter had been resolved. *Id.* at p. 40.

3

Defendants allege that Holland was seen by medical personnel numerous times during the time he did not possess the transfer board and never voiced any complaints related to the confiscation of the board. ECF No. 32 at Ex. C. Defendants further allege that Holland's ability to perform normal daily activities was not impacted by his lack of access to the board. *Id.* at pp. 22, 24, and 25. Defendants claim Holland was seen by medical staff four days after the confiscation of the board, on May 3, 2011, and made no mention of it to staff. *Id.* at pp. 25 and 33.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court

4

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Analysis

American's with Disabilities Act (ADA)
and Rehabilitation Act (RA) Claims

To establish a prima facie case under Title II of the ADA, Holland must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131 et seq. A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1082 (11th Cir. 2007).

Defendants correctly assert that Holland has not named the proper party to pursue an ADA claim because the named Defendants, employees of a public entity sued in their individual capacities, are not a "public entity." ECF No. 32 at Memorandum, p. 6, *see also* 42 U.S.C. §12131(1)(A) – (C). Notwithstanding the failure to name proper parties, Holland's claim fails. The confiscation of a medical device is not an exclusion from a benefit, nor is it discrimination.

5

The undisputed facts establish that the transfer board was taken by Blamble because of his belief it could be used as a weapon and his determination that it was contraband. It was not confiscated because of Holland's disability and, thus, a prima facie case of an ADA or RA claim is not established. *See, e.g. Miller v. Hinton,* 288 Fed. Appx. 901 (4th Cir. 2008) (prison's alleged denial of access to colostomy bags and catheters by inmate, who was a paraplegic confined to a wheelchair who used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir. 2005) (medical care provided to inmate for his diabetes could not be basis for RA action); *Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under RA and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Spencer v. Easter,* 109 Fed. Appx. 571, 573 (4th Cir. 2004) (failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled."). Defendants are entitled to summary judgment in their favor on Holland's claim under the ADA and the RA.

Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *See Gregg v. Georgia,* 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone,* 330 F. 3d 630, 633 (4th

6

Cir. 2003) citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff members were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Holland has not alleged that he was harmed by the deprivation of the transfer board for five months and does not dispute that he was able to perform activities of daily life without it. ECF No. 1 and 31. Indeed, the only harm that befell Holland as a result of the incident was the adverse disciplinary decision which was later reversed. Additionally, there is no evidence that Blamble intentionally deprived Holland of the medical device; Holland was not present during the inventory of his property to explain the purpose and use of the transfer board. The conduct of the other Defendants in the process of Holland's disciplinary proceedings finding him guilty of possessing contraband and affirming that decision is not, as Holland would have this Court conclude, evidence of a callous disregard for a serious medical need. While the benefit of hindsight might render a different result in this case,[1] confiscation of an item of property found in a prisoner's cell that he is not authorized to possess and is not discernibly necessary is simply not the sort of nefarious behavior the Eighth Amendment prohibits. While Holland claims deprivation of the transfer board put him "in serious harm's way," he does not state *how* he was

---

[1] The fact that Holland possessed the transfer board at WCI for almost four years is an indication that correctional staff who had the benefit of an explanation for the board's purpose were willing to allow him to keep it despite the fact that it was not listed on his allowable property list. A similar pattern may have resulted if Holland was present when Blamble searched his property.

endangered. ECF No. 31. Given the undisputed facts, Defendants are entitled to summary judgment in their favor.

11/19/13
Date

William D. Quarles, Jr.
United States District Judge